UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL THOMPSON o/b/o ) | |
| RONDA THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV1530 CDP |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff seeks fees in the amount of $3,790.08, plus the filing fee of $350.00 and pro hac vice fees in the amount of $100.00. Defendant does not object to the request for fees and costs.

On September 24, 2013, I reversed the decision of the Commissioner and remanded the case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further consideration. Because plaintiff prevailed and is not otherwise

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. As such, she should be substituted for Michael J. Astrue as the defendant in this suit. Fed. R. Civ. P. 25(d).

precluded from recovering attorney's fees and costs, I find plaintiff[2] is entitled to an award in the amount requested. I also find that plaintiff is entitled to recover the filing and pro hac vice fees from the Judgment Fund administered by the United States Treasury.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for attorney's fees [#23] is granted, and defendant shall pay plaintiff $3,790.08 in attorney's fees, and plaintiff shall recover costs in the amount of $450.00 from the Judgment Fund administered by the United States Treasury.

**IT IS FURTHER ORDERED** that defendant's motion for extension of time [#24] is denied as moot.

                                                  /s/ Catherine D. Perry
                                                  CATHERINE D. PERRY
                                                  UNITED STATES DISTRICT JUDGE

Dated this 9th day of January, 2014.

---

[2] The fees are payable to plaintiff, not plaintiff's attorney. See Astrue v. Ratliff, 130 S. Ct. 2521, 2524 (2010).