UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12 CV 1530 CDP |
| | ) |
| CAROLYN COLVIN, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on plaintiff's unopposed motion for attorney's fees pursuant to 42 U.S.C. § 406(b). On September 24, 2013, I reversed and remanded this case to the Commissioner for further proceedings consistent with the Memorandum and Order entered the same date. [Doc. # 21 and #22]. Thereafter, I awarded plaintiff attorney's fees in the amount of $3,790.08 under the Equal Access to Justice Act, 28 U.S.C. § 2412. [Doc. # 26]. On remand, an ALJ found plaintiff disabled and awarded benefits on January 17, 2015. In connection with the pursuit of benefits, plaintiff signed a fee agreement with counsel which provides for an award of attorney's fees in the amount of 25% of past due benefits awarded by defendant. In accordance with the fee agreement, the Social Security Administration withheld $11,233.50 from plaintiff's award, which represents 25% of the past due benefits. Plaintiff now requests the Court

award this amount under the terms of the fee agreement, and upon receipt, counsel will remit the previously awarded EAJA fee directly to plaintiff. Under § 406(b) of the Social Security Act,

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Section 406(b) "does not displace contingent fee agreements, as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Fees awarded pursuant to § 406(b) are paid out of the claimant's past due benefits. Id. at 795. "Because benefits amounts figuring in the fee calculation are limited to those past due, attorneys may not gain additional fees based on the claimant's continuing entitlement to benefits." Id. "[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. Courts must first examine the contingency fee agreement, next test the agreement for reasonableness, and then appropriately reduce it, if necessary, based on the character of the representation and the results achieved.

<u>Id.</u> at 808.  Reductions are required if the attorney was responsible for delay or the benefits are large in comparison to the amount of time counsel spent on the case.  <u>Id.</u>

Plaintiff has requested fees in the amount of $11,233.50 under § 406(b).  In support of the motion, plaintiff submitted time expenditures, the award of benefits letter from the Social Security Administration, the fee agreement, and an affidavit of counsel.  Defendant does not object to the amount requested and agrees that the proposed fee should be awarded.  I have independently reviewed the record in this case and find that the § 406(b) fee request is reasonable and that no reduction in this amount is warranted.  Therefore, I will award plaintiff's counsel attorney's fees under § 406(b) in the amount of $11,233.50, representing 25% of plaintiff's past due benefits.  Plaintiff's counsel has acknowledged the obligation to refund the amount of the smaller EAJA fee to plaintiff.  <u>Gisbrecht</u>, 535 U.S. at 796.  I expect counsel to comply with this obligation, but I will not order it as this Court has previously held that there is no obligation for the Court to take any action with respect to the refund.  <u>Ciecalone v. Colvin</u>, 4:13CV28 NAB, 2014 WL 1375557, at *4 (E.D. Mo. April 8, 2014) (noting that obligation to refund smaller fee is attorney's obligation and statute does not indicate that court should take action with respect to a refund).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) [#28] is granted, and defendant shall remit to the Law Offices of Harry J. Binder and Charles E. Binder, P.C. attorney's fees in the amount of $11,233.50.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2015.